**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAUL ELLEDGE,<br>1808 West Grand Avenue<br>Chicago, IL 60622,<br><br> Plaintiff,<br><br>v.<br><br>VOX MEDIA, INC.,<br>1201 Connecticut Avenue NW, 11th Floor<br>Washington, DC 20036; and<br>JOHN DOES 1-10,<br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Civil Case No. _____<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

## COMPLAINT

COMES NOW, the Plaintiff, Paul Elledge, by undersigned counsel, for its Complaint against the Defendants and alleges as follows:

### Introduction

1. This is an action for infringement of Plaintiff's federally registered copyright of a photograph under 17 U.S.C. § 501 *et seq.* arising from Defendants' unauthorized alteration, copying, and use of said photograph.

### The Parties

2. Plaintiff Paul Elledge ("Paul" or "Plaintiff") is a citizen of the State of Illinois, residing in Chicago, Illinois.

1

3.	Defendant Vox Media, Inc. ("Vox Media"), on information and belief, is a corporation duly organized and existing under the laws of the District of Columbia, and having its principal place of business located at 1201 Connecticut Avenue NW, 11th Floor Washington, DC 20036.

4.	The identities of Defendants John Does 1-10 are not currently fully known to Plaintiff. Upon information and belief, John Does 1-10 are associated with Vox Media, Inc. and contributed and/or participated in Vox Media's unlawful activities. Plaintiff will use its best efforts to fully identify these "John Does", and upon further knowledge and investigation, Plaintiff will amend its pleadings accordingly.

## Jurisdiction and Venue

5.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because both causes of action involve a federal question; pursuant to 28 U.S.C. § 1338(a) because it relates to a copyright; and pursuant to 17 U.S.C. §§ 101, *et seq.*, because there is a claim for copyright infringement under the federal Copyright Act.

6.	This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.	Personal Jurisdiction over the Defendants exists in this District under the District of Columbia's long-arm statute. D.C. Code § 13-422 and § 13-423.

8.	Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a), which governs civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights. Pursuant to 28 U.S.C. § 1400, venue is proper in any district in which the defendant or his agent

resides.  Venue is also proper under 28 U.S.C. §1391(b), on the ground that all or a substantial part of the acts giving rise to Plaintiffs' claims occurred in the District of Columbia and on the ground that the defendant resides or has its principle place of business in the District of Columbia.

**Factual Background**

9. Paul is an experienced and award-winning professional photographer specializing in artistic and portrait photography.  Among many others, Paul has photographed such celebrities as AC/DC, Billy Corgan, Jennifer Hudson, Ministry, Willie Nelson, Trent Reznor, Luciano Pavarotti and Oprah Winfrey.  Paul's work has appeared worldwide in galleries and museums, and has been published in such publications as Audubon, Fast Company, Life, Men's Health, People, Rolling Stone, Time, and Wired, among others.

10. Paul is the author and owner of all photographs taken by him.

11. On September 10, 2007, Paul imagined, crafted, captured, and edited a portrait of Charlie Trotter shot in his Chicago studio which he titled "Charlie_Trotter_1_Knives" (hereinfor the "Photograph").  Exhibit 1.

12. Paul captured the Photograph using great technical and creative skill, as well as significant time and energy.  For example, the Photograph required designing the shot, preparing the site, and photographic editing optimization.  In addition, the Photograph required working around a celebrity chef's schedule, expectations, and artistic requirements, to ensure the Photograph reflected the chef's personality and appearance.  Paul had particular insight with Chef Trotter as Paul won the James Beard award on a prior project with Chef Trotter.  The Photograph originally appeared as the cover of the Chicago Edition of "TIME OUT" magazine.

Sadly, Charlie Trotter is no longer with us, and this image is particularly important as one of the last formal studio images taken of him before his passing.

13.   Paul registered the Photograph, together with other portraits of Charlie Trotter, with the United States Copyright Office on September 19, 2007, as part of a compilation titled "Trotter - 2776" (Registration No. VAu 966-751).  A true copy of the copyright registration is attached hereto as Exhibit 2.

14.   As the owner of the copyright in the Photograph, Paul has the exclusive right to, among other things, reproduce the Photograph in copies and prepare derivative works based upon the Photograph.  17 U.S.C. § 106.

15.   Vox Media is a media company, headquartered in Washington D.C., which publishes and maintains a large number of websites under various brands.

16.   Among others, Vox Media publishes a network of websites under the "EATER" brand focused on food and dinning, including the flagship "www.eater.com" and 25 other separate websites covering specific cities in the U.S., Canada, and U.K.

17.   On or about November 7, 2018, Paul first became aware that Defendants were using the Photograph in separate Vox Media websites and publications:

   a.   A cropped and edited version of the Photograph was displayed in an "eater.com" article attributed to Hillary Dixler and titled "The Food World Responds to Charlie Trotter's Death" at the following URL: https://www.eater.com/2013/11/5/6336417/the-food-world-responds-to-charlie-trotters-death.  Exhibit 3.  While the article identified Paul as the photographer, no authorization to use, copy, or modify the Photograph was ever given to the Defendants.  On information and belief, the Photograph as displayed in Exhibit 3

was copied, uploaded, and hosted in at least two or three other publicly accessible URLs: https://cdn2.vox-cdn.com/thumbor/8jhgNEnc6rm7kXdP4y_M30U1o0o=/52x0:448x297/800x600/filters:format(webp)/cdn0.vox-cdn.com/uploads/chorus_image/image/38860492/charlie-trotter-vimeo.0.jpg; https://cdn.vox-cdn.com/thumbor/xgbMOP3ItCG-F_NFo--UWyW7h_0=/52x0:448x297/920x613/filters:focal(52x0:448x297):format(webp)/cdn.vox-cdn.com/uploads/chorus_image/image/38860492/charlie-trotter-vimeo.0.jpg; and https://cdn2.vox-cdn.com/thumbor/3iK0z6xmp2dsnAE7sBVwpLTnrE8=/52x0:448x297/1200x900/filters:format(webp)/cdn0.vox-cdn.com/uploads/chorus_image/image/38860492/charlie-trotter-vimeo.0.jpg.  The Photograph was still publicly available at these URLs as of June 23, 2020.  Exhibit 4-6.

b. A cropped and edited version of the Photograph was displayed in an "eater.com" article attributed to Khushbu Shah and titled "Celebrity Chefs to Cook a Charlie Trotter Tribute Dinner" at the following URL: https://www.eater.com/2014/6/11/6208751/celebrity-chefs-to-cook-a-charlie-trotter-tribute-dinner.  Exhibit 7.  While the article identified Paul as the photographer, no authorization to use, copy, or modify the Photograph was ever given to the Defendants.  On information and belief, the Photograph was displayed in connection with this article at least through February 18, 2020.  On information and belief, the Photograph as displayed in Exhibit 7 was copied,

5

uploaded, and hosted in at least two other publicly accessible URLS: https://cdn0.vox-cdn.com/thumbor/xyQnQhmsBNxxQ7w6J7uRMwKtFic=/52x0:448x297/800x600/filters:format(webp)/cdn0.vox-cdn.com/uploads/chorus_image/image/38811758/charlie-trotter-tribute-dinner.0.jpg and https://cdn.vox-cdn.com/thumbor/BEX7fKe-YABwDxYAXH1F8YujJBM=/52x0:448x297/920x613/filters:focal(52x0:448x297):format(webp)/cdn.vox-cdn.com/uploads/chorus_image/image/38811758/charlie-trotter-tribute-dinner.0.jpg.  The Photograph was still publicly available in at least the second of these URLs as of February 18, 2020.  Exhibit 8.

c. A cropped and edited version of the Photograph was displayed in a "seattle.eater.com" article attributed to Julien Perry and titled "Chefs Reflect on Charlie Trotter; Hunt for a Perfect Egg" at the following URL: https://seattle.eater.com/2013/11/6/6335765/chefs-reflect-on-charlie-trotter-hunt-for-a-perfect-egg.  Exhibit 9.  While the article identified Paul as the photographer, no authorization to use, copy, or modify the Photograph was ever given to the Defendants.  On information and belief, the Photograph as displayed in Exhibit 9 was copied, uploaded, and hosted in at least one publicly accessible URL: https://cdn.vox-cdn.com/thumbor/3EDce1_xPJNnhe3thkGMVmGhTCw=/52x0:448x297/920x613/filters:focal(52x0:448x297):format(webp)/cdn.vox-cdn.com/uploads/chorus_image/image/38860232/charlie.0.jpg.

d. A cropped and edited version of the Photograph was displayed in a "denver.eater.com" article attributed to Andra Zeppelin and titled "Denver's Restaurant Community Remembers Charlie Trotter for His Impact on Service" at the following URL: https://denver.eater.com/2013/11/8/6333487/denvers-restaurant-community-remembers-charlie-trotter-for-his-impact.  Exhibit 10.  While the article identified Paul as the photographer, no authorization to use, copy, or modify the Photograph was ever given to the Defendants.  On information and belief, the Photograph as displayed in Exhibit 10 was copied, uploaded, and hosted in at least two publicly accessible URLs: https://cdn1.vox-cdn.com/thumbor/3Lp2YkaC5GQuoD67e8WDlnKSvlo=/52x0:448x297/800x600/filters:format(webp)/cdn0.vox-cdn.com/uploads/chorus_image/image/38859608/charlie-trotter-vimeo.0.jpg and https://cdn.vox-cdn.com/thumbor/HDjHesqVeSEbTDbjOtx5TRXP0MA=/52x0:448x297/920x613/filters:focal(52x0:448x297):format(webp)/cdn.vox-cdn.com/uploads/chorus_image/image/38859608/charlie-trotter-vimeo.0.jpg.

e. A cropped and edited version of the Photograph was displayed in a "chicago.eater.com" article attributed to Daniel Gerzina and titled "Charlie Trotter's Memorial Scheduled" at the following URL: https://chicago.eater.com/2013/11/7/6334043/charlie-trotters-memorial-scheduled.  Exhibit 11.   While the article identified Paul as the photographer, no authorization to use, copy, or modify the Photograph was ever given to the Defendants.  On information and belief, the Photograph as displayed in Exhibit 11

was copied, uploaded, and hosted in at least one publicly accessible URL: https://cdn.vox-cdn.com/thumbor/PUUD-zXsfGHdEX4izG8785O5ExU=/52x0:448x297/920x613/filters:focal(52x0:448x297):format(webp)/cdn.vox-cdn.com/uploads/chorus_image/image/38859852/charlie-trotter-vimeo.0.jpg.

18. On information and belief, Vox Media has displayed the cropped and edited versions of the Photograph for years on its various websites and publications.

19. On information and belief, Vox Media has copied, uploaded, and hosted various versions of the Photograph under different file names, databases, and websites, and has made and continues to make these unauthorized copies of the Photograph available to the public.

20. On information and belief, Vox Media has facilitated the infringement of the Photograph by unrelated third parties by hosting unauthorized publicly available copies of the Photograph in various websites and databases.

21. Defendants have edited and reproduced the Photograph in at least the above-detailed instances without permission or license from Paul or Paul's authorized agent. Paul has never authorized Defendants to use, reproduce, or create derivative works of the Photograph in any respect.

22. Thereafter, Paul retained counsel in order to secure compensation for Defendants' infringement of the Photograph. On January 3, 2019, Paul's counsel first sent Defendants a cease and desist letter, demanding that Defendant cease their use of the Photograph and compensate Paul for the unauthorized copying, editing, and use of the Photograph. Follow-up letters were sent to Defendant on February 12, 2019, and February 21, 2020.

23. Despite Paul's ongoing, good faith efforts to resolve this dispute and secure fair compensation for the copyright infringement of the Photograph, Defendants have refused to communicate with Paul's counsel, much less remit any payment for Defendant's unauthorized use of Paul's federally registered copyrighted Photograph. Defendants continued to display the Photograph in association with some of the articles described above a year after receiving the initial cease and desist letter. In addition, as described above, Defendants continue to display unauthorized copies of the Photograph on publicly available websites and databases at least as of June 23, 2020.

### Count I: Copyright Infringement under 17 U.S.C. § 101, et seq.

24. Paul realleges and incorporates by reference paragraphs 1-22, above.

25. Defendants have infringed Paul's exclusive rights in his copyrighted work in violation of 17 U.S.C. § 106.

26. Upon information and belief, Defendants, without any permission or authorization, have used the Photograph in various websites and publications as if such work belonged to the Defendants.

27. At no time have Defendants had Paul's permission or authorization to use, copy, or modified the Photograph for any purpose.

28. Defendants' acts of infringement were willful, and, as a result of Defendants' willful infringement of Paul's exclusive rights under copyright, Paul has suffered damages.

29. Paul is entitled to actual or statutory damages pursuant to 17 U.S.C. § 504.

30. Paul may also be entitled to recover costs pursuant to 17 U.S.C. § 505.

**Request for Relief**

**Wherefore**, in consideration of the foregoing, Paul respectfully requests that this Court:

1. Find that the Defendants' unauthorized conduct violated Paul's rights under the Federal Copyright Act;

2. Enjoin the Defendants, and all their agents, employees, and all other persons in active concert or participation with them from infringing on any copyright of Paul, and from copying, exhibiting, transmitting, displaying, distributing, using, or preparing derivative works from the Photograph;

3. Award Paul all damages he suffered because of Defendants' copyright infringement to the fullest extent allowed by law, including:

    a. ordering the Defendants to account for all gains, profits, and advantages derived by Defendants from their infringement of Paul's copyright and award such actual damages as are proper pursuant to 17 U.S.C. § 504(b);

    b. that, should Paul elect to instead obtain statutory damages pursuant to 17 U.S.C. § 504(c), Paul be granted statutory damages against the Defendants in the amount of $150,000.00 for each separate instance of copyright infringement;

    c. award Paul attorney's fees and costs to the fullest extent allowed by law, including pursuant to 17 U.S.C. § 505;

    d. award Paul all pre- and post- judgement interest to the fullest extent allowed by law; and

    e. award Paul all other relief this Court deems just, equitable, and proper.

**<u>Jury Trial Demand</u>**

Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure No. 38 and Local Civil Rule No. 38.

Dated: __07/03/2020_____   Respectfully submitted,

 

/Manuel Cordovez/
Manuel Cordovez
D.C. Bar No. 500368
Creativity IP PLLC
950 North Washington Street
Alexandria, VA 22314
Phone: (804) 876-2195
Fax: (804)-597-6398
Manuel.Cordovez@CreativityIP.com

*Attorney for Plaintiff*